ERIE RAILROAD COMPANY *v.* THE C. CALLAHAN COMPANY.

[No. 26,288. Filed January 30, 1933. Rehearing denied April 26, 1933.]

*Fred H. Bowers, Milo N. Feightner, Lee M. Bowers, John Gavin,* and *Follansbee, Shorey & Shupp,* for appellant.

*Walter S. Bent* and *McTurnan & Higgins,* for appellee.

FANSLER, J.—Action by appellee for damages caused by delay in transporting a carload of sugar from Edgewater, New Jersey, to Lafayette, Indiana. Trial by the court and special findings of fact upon which conclusions of law are stated favorable to the appellee. The sufficiency of the facts found to support the conclusions of law is the only question presented.

The material findings of fact are, in substance: That

the carload of sugar was delivered to the appellant, a common carrier, at Edgewater, New Jersey, on September 11, 1920, and arrived at Lafayette, Indiana, September 30, 1920, too late to be put upon that day's market; that a reasonable time for transporting the car by freight over the lines used was five days; that the shipment was made under a standard bill of lading contract, containing, among other things, the language, "Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within six months . . .;" that the goods were shipped over the lines of appellant to Huntington, Indiana, and thence via the Wabash Railroad to Lafayette, Indiana; that 823 lbs. of the sugar were lost out of said car in transit; that appellee filed notice of a claim for the shortage with the Wabash Railroad Company, which was paid. It is not contended that the evidence was insufficient to support the findings.

The shipment was interstate and is controlled by the acts of Congress governing the rights of parties to such transactions, insofar as they apply. *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Mitchell* (1910), 175 Ind. 196, 91 N. E. 735. Concerning the federal statute in question, the United States Supreme Court said: "Chapter 176 requires any common carrier receiving property for transportation in interstate commerce to issue a receipt or bill of lading therefor, and makes it liable to the lawful holder thereof for any loss, damage or injury to such property, and contains certain provisos, the last two of which are: 'Provided further, That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims

than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery.' " *Barrett, etc.,* v. *Van Pelt* (1925), 268 U. S. 85, 69 L. Ed. 857. Under these provisions, a shipper who seeks to recover for damage due to delay caused by carelessness or negligence need not give notice to the carrier, but if he would recover for loss of any, or all, of the goods shipped without showing carelessness or negligence, he must give the notice. *Barrett, etc.,* v. *Van Pelt, supra; Chesapeake & Ohio Railway Co.* v. *Thompson Mfg. Co.* (1926), 270 U. S. 416; *Gillette Safety Razor Co.* v. *Davis, etc.* (1922), 278 Fed. 864.

Appellant concedes that the facts found show an unreasonable delay in completing the shipment, but contends that under the federal statute above referred to this is not sufficient to make out a prima facie case of negligence.

In *Chesapeake & Ohio Railway Co.* v. *Thompson Mfg. Co., supra,* the court said: "There is no language in the statute from which a purpose may be inferred to vary or limit the common law rules governing proof of negligence as a fact in issue, and the shipper may follow these rules when he seeks to show that no notice of claim was necessary. The respondent therefore had the burden of proving the carrier's negligence as one of the facts essential to recovery. When he introduced evidence to show delivery of the shipment to the carrier in good condition and its delivery to the consignee in bad condition, the petitioner became subject to the rule applicable to all bailees, that such evidence makes out a

prima facie case of negligence." That the same rules apply in actions for loss occasioned by delay is unquestioned, and this view is clearly discernible in the opinion in the case of *Barrett* v. *Van Pelt, supra.* In that case, the trial judge found that a reasonable time for delivery was not more than 30 hours, and the court in its opinion says: "We think the evidence was not sufficient to sustain that finding or to show what was a reasonable time for such transportation and delivery." It was not the finding, but the evidence supporting it, which was held insufficient.

The court having found that completion of the shipment was delayed an unreasonable time, the burden was upon appellant to show that the delay was not caused by its negligence, and a failure to find any fact on the subject is a finding against appellant. *Piggly-Wiggly Stores, Inc.,* v. *Lowenstein et al.* (1925), 197 Ind. 62, 147 N. E. 771; *Natl. Surety Co.* v. *State, ex rel. Heimann* (1913), 181 Ind. 54, 103 N. E. 105; *McAdams* v. *Bailey* (1907), 169 Ind. 518, 83 N. E. 1057.

It is contended by appellant that since both carriers acted under the same contract, appellee's action in filing a claim with the Wabash Railroad for the shortage of sugar and accepting payment therefor, barred this action against the appellant under the rule that where one has a cause of action against another he must assert all of his damage in a single action and not split his cause of action. The object of the rule against splitting causes of actions is to prevent repeated litigation, protect the defendant from unnecessary vexation and the costs and expenses incident to numerous suits. It arose, not as an original legal right of the defendant, but as an interposition of courts to prevent multiplicity of suits upon principles of public policy. 1 C. J. 1107.

In this case there were not two actions. The appellee

merely gave the statutory notice of a claim for the loss of sugar which he was bound to give, unless he would assume the burden of proving negligence in connection with its loss. The carrier paid the loss claimed without disputing the amount, insofar as we can ascertain from the findings. He was not required to give notice of his claim for damages occasioned by delay, but could prosecute it without notice by assuming the burden of proving negligence. If the carrier had not paid for the shortage of sugar that claim could have, and doubtless would have, been joined in this action and there would have been no splitting of causes. The carrier having paid the claim, it was not necessary to join it in this action, and there is but one action and no splitting. The reason for the rule against splitting of actions fails in this case. There is nothing in the findings to indicate that the payment was intended by the parties as full satisfaction of all claims existing between them and, therefore, the payment would not bar this action under the accord and satisfaction rule.

Under appellant's theory, appellee, having filed notice of its claim for the sugar shortage, could only preserve its right to sue for the delay by refusing to accept payment of the claim until after action was brought on both claims. Such a procedure would defeat the very purposes of the rule against splitting actions by complicating the issues when the action was finally brought.

We find no error in the record. Judgment affirmed.