PENNSYLVANIA RAILROAD COMPANY *v.* BECKETT.

[No. 14,685.   Filed January 24, 1935.   Rehearing denied
April 19, 1935.]

*Pickens, Gause, Gilliom & Pickens,* for appellant.

*Wymond J. Beckett,* for appellee.

KIME, J.—The appellee brought this suit for damages occasioned by negligence of the appellant in failing to transport live stock from Camby, Indiana, to Pittsburgh, Pennsylvania, within a reasonable time.   To the complaint appellee filed a general denial and on the issues thus formed trial was had by the court resulting in a finding for the appellee with a judgment thereon in the sum of $500.00.   A motion for new trial was filed, setting out that the decision was not sustained by sufficient evidence; that it was contrary to law; and that there was error in the assessment of the damages in that they were excessive.   The error assigned here is the overruling of this motion.

It appears from the evidence that the appellant's local agent at Camby and its special live stock agent at Indianapolis promised the appellee that the shipment would reach Pittsburgh in approximately thirty hours

and that they would not be unloaded enroute. It appears that the car was loaded at Camby between 1:00 and 2:00 o'clock P. M. on April 30, 1929, and that it was placed for unloading at the stock yards in Pittsburgh at 12:25 o'clock A. M. on May 3, 1929.

Appellant offered as an excuse for the delay the fact that it became necessary under the Federal Statutes of 1906, 34 Stat. 607 or 45 U. S. C. A. section 71, to unload, feed and rest the animals in order to avoid confining them in cars beyond thirty-six hours. The court held, by its general finding for appellee, inferentially, that the shipment was delayed an unreasonable time and that appellant did not show that such delay was not caused by its negligence as was its burden. *Erie R. Co.* v. *C. Callahan Co.* (1933), 204 Ind. 580, 184 N. E. 264. There is evidence here to support such finding and we cannot disturb it.

Both parties agree that it is the law that the basis for damages in a cause of this kind is the difference between the market value of the stock, as actually received, and what the market value would have been but for the negligent delay of the carrier, as is set out in *Davis* v. *Hill* (1925), (Texas), 271 S. W. 281.

There was evidence here from which the court could have determined this difference, consequently there was no error in the assessment of the damages, nor is the finding contrary to law, and it is based on sufficient evidence.

The judgment of the Municipal Court is in all things affirmed and it is so ordered.