ZAFFAR TABANI *v.* PAUL E. HESTER

[No. 2-876A304. Filed August 15, 1977.]

*Daniel S. Davisson,* of Anderson, for appellant.

*Mark C. Stamper, Wisehart & Stamper,* of Middletown, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Plaintiff-Appellant Zaffar Tabani (Tabani) appeals from a granting of Summary Judgment for Defendant-Appellee, Paul E. Hester (Hester), claiming that there existed a material issue of fact as to whether Tabani's acceptance of an insurance check was an accord and satisfaction of his claim against Hester.

We reverse.

## FACTS

Tabani was injured when his motorcycle collided with an automobile driven by Hester.

Following the accident, Tabani was reimbursed for his lost income and the medical expenses and was then offered a draft for

Ten Thousand ($10,000.00) Dollars, all by Hester's insurer, Aetna Casualty & Surety Company (Aetna). Because the draft was marked "All Claims," Tabani refused it even though it was accompanied by a letter explicitly stating that the draft was offered "without obligation on your part to provide a release or agreement."

Tabani was then offered another Ten Thousand ($10,000.00) Dollar draft by Aetna without the offensive "All Claims" language written upon it. With the draft was a letter stating that this amount was the largest Aetna would willingly pay. The letter also stated that this sum was "a fair and equitable conclusion" of Tabani's claims. Tabani cashed the check and later brought suit for the balance of the injury he claimed was suffered.

Holding that the conduct of the parties resulted in an "accord and satisfaction," the trial court granted Hester's Motion for Summary Judgment.[1]

## ISSUE

Did a material issue of fact exist as to whether Tabani's acceptance of Aetna's check was an accord and satisfaction of his claim against Hester?

## DECISION

CONCLUSION--A material issue of fact exists as to whether Tabani's acceptance of Aetna's check was an accord and satisfaction of his claim against Hester.

Summary Judgment is proper only when there exists no material issue of fact and the grantee is entitled to Judgment as a matter of law. Ind. Rules of Procedure, Trial Rule 56(C). Summary Judgment must not be granted if there exists any doubt as to the existence of a material issue of fact. *Kochert v. Wiseman* (1971), 148 Ind. 613, 269 N.E.2d 12; *McGinnis v. Public Service Company of Indiana* (1974), 161 Ind. App. 1, 313 N.E.2d 708; *Doe v. Barnett* (1969), 145 Ind. App. 542, 251 N.E.2d 688. The burden is upon the movant to establish that no material

---

1. The trial court did not make a finding that no material issue of fact existed as required by TR. 56.

issue of fact exists. *Podgorny v. Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640.

Hester maintains that the requisite criteria for Summary Judgment are present because the offer of the check by his insurer and the cashing of it by Tabani constituted a binding accord and satisfaction. He theorizes that an accord and satisfaction came into existence through the unambiguous conduct of the parties.

The issue of accord and satisfaction is ordinarily a question of fact and becomes one of law only if the requisite controlling facts are undisputed and clear. *Nardine v. Kraft Cheese Co.* (1944), 114 Ind. App. 399, 52 N.E.2d 634.

Tabani had refused a Draft marked "All Claims." He accepted a subsequent Draft only when that language was removed. The letter accompanying the second draft said only that the sum offered was the maximum amount Aetna would voluntarily offer as the insurer and that this amount was fair. Tabani's affidavit stated it was his understanding that he would be free to pursue additional recovery against Hester.

When the debt is unliquidated, the money paid to operate as a full discharge must be offered with either an express condition that acceptance is in full satisfaction of the pending claim or the circumstances must clearly indicate *to the creditor* that this condition is present. *Miller Jewelry Co. v. Dixon* (1942), 111 Ind. App. 676, 42 N.E.2d 398; *Wilson v. Wilson* (1911), 49 Ind. App. 109, 96 N.E.2d 791. (Emphasis supplied).

Without an express condition being shown in the instruments, an accord and satisfaction may be implied, but only upon a showing of the subjective intent of the party to be bound. If, as here, the intent of the parties is in dispute or is ambiguous, the question is to be presented to the trier of fact for its determination. *Hearst Corp. v. Cuneo Press, Inc.* (7th Cir. 1961), 291 F.2d 714.

When a motion for summary judgment is presented, it is the sole duty of the trial court to determine if a factual controversy exists. *Ware v. Waterman* (1969), 146 Ind. App. 237, 253 N.E.2d 708; *Singh v. Interstate Finance of Indiana* (1969), 144 Ind. App.

444, 246 N.E.2d 776. Such a factual controversy did exist in this case as to whether acceptance of Aetna's draft constituted an accord and satisfaction of Tabani's claim. This question must be considered by the trier of fact.

The judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.

White, J. and Lowdermilk, J. (by designation) concur.

NOTE—Reported at 366 N.E.2d 193.