Walter W. RAUCH, Appellant
(Plaintiff Below),

v.

Randall A. SHOTS, and George Nally,
Appellees (Defendants Below).

No. 42A01–8808–CV–253.

Court of Appeals of Indiana,
First District.

Feb. 2, 1989.
Rehearing Denied March 9, 1989.
Transfer Denied March 29, 1989.

Peter L. Obremskey, Carol A. Sparks, Parr, Richey, Obremskey & Morton, Lebanon, Paul B. Ledford, Paul B. Ledford, P.C., Vincennes, for appellant.

Rabb Emison, Emison Doolittle & Kolb, Vincennes, for appellees.

ROBERTSON, Judge.

Appellant-plaintiff Walter Rauch (Rauch) appeals from the entry of summary judgment in favor of appellee-defendants Randall Shots and George Nally.

We reverse.

Rauch filed suit when his vehicle was struck by a coal truck driven by Shots and owned by Nally. He sustained personal injuries and property damage to his vehicle. At Shots' insurer's request, Rauch obtained and submitted two estimates of the cost of repair to the Rauch vehicle. The insurance adjuster agreed to settle for the lower of the estimates in the amount of $1,661.58, and the insurance company issued a draft for that amount. The face of the draft bore the legend: "any and all claims arising from accident of 2–11–85." The back of the check contained the following language: "by endorsement hereon payee acknowledges and agrees to the amounts, purposes and terms stated on the face hereof." Rauch deposited the check without signing it and paid for the repair to his vehicle by check in the exact amount he deposited. At no time did Rauch and the insurance adjuster discuss Rauch's personal injuries. Shots and Nally set up the defense of accord and satisfaction in response to Rauch's suit for personal injuries. The court granted summary judgment in favor of Shots and Nally, finding that there had been an accord and satisfaction.

The trial court should grant summary judgment only where "the pleadings, depositions, answers to interrogatories," and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C). On appeal, this court applies the same standard of review as does the trial court. *Matter of Estate of Belanger* (1982), Ind. App., 433 N.E.2d 39, 42, *trans. denied.*

We look to determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Smith v. P and B Corp.* (1979), 179 Ind.App. 693, 695, 386 N.E.2d 1232, 1234, *trans denied*. In determining whether a genuine issue of material fact exists, we accept as true all facts set forth by the non-moving party and resolve all doubts against the movant. *Barnd v. Borst* (1982), Ind.App., 431 N.E. 2d 161, 165, *trans. denied*.

To counter Shots' and Nally's motion for summary judgment, Rauch averred by way of affidavit and testimony that he could not recall whether he mentioned to the insurance adjuster that he had sustained personal injuries, and that all discussions leading up to issuance of the draft were concerning damage to his vehicle. Rauch also stated that he assumed the insurance draft was in settlement of property damage only, and that he would be free to pursue his personal injury claim in spite of having accepted the draft. The testimony of Larry Wright, the adjuster, was equivocal about whether he intended to settle all claims or just that covering the property damage. However, he admitted that Rauch's personal injuries were never discussed.

■ An offer in satisfaction of a claim must be accompanied by an express condition that the acceptance is in full satisfaction of the claim and that the offeree takes the money subject to such condition. *Cole Associates v. Holsman* (1979), 181 Ind.App. 431, 391 N.E.2d 1196. In lieu of an express condition, the circumstances must clearly indicate *to the creditor* that this condition is present. *Tabani v. Hester* (1977), 174 Ind.App. 56, 366 N.E.2d 193, (emphasis in original). The issue of accord and satisfaction is ordinarily a question of fact and becomes one of law only if the requisite controlling facts are undisputed and clear. *Id.*

*Tabani* presents facts similar to those in the instant case. The court of appeals reversed a summary judgment against Tabani, who had been involved in a collision with Hester. Hester's insurer, Aetna, had sent Tabani a draft for $10,000 marked "all claims," which Tabani refused. A new draft was sent with the offensive language removed, and accompanied by a letter that the amount was the highest Aetna would pay, and that the sum was a "fair and equitable conclusion" of Tabani's claims. Tabani cashed the check and later brought suit for the balance of the injury he suffered. The appellate court concluded that there was a genuine issue of material fact respecting whether Tabani's acceptance of the check was an accord and satisfaction. The court implicitly found no express condition present, noting that because the subjective intent of the parties was in dispute, the question was for the jury.

*Tabani* is distinguishable from the instant case in that the wording in the accompanying letter to Tabani was interpreted only as a declaration that the amount was the most Aetna would offer and that the payment was fair; the language did not amount to an express condition. In contrast is the wording on the draft which Rauch negotiated: that by his endorsement payee acknowledged and agreed to the amounts, purposes and terms stated on the face of the draft, which bore the legend "any and all claims arising from accident of 2–11–85." We know of no Indiana case involving separate insurance claims in which an express condition was stated that the payee endorsed the draft in full satisfaction of all claims. In the setting of a suit on an account, for which purchases of feed and petroleum products were charged, the court of appeals held that in cases where there exists more than one claim or account against a debtor, the creditor may reasonably assume that payment for the exact amount of one claim or billing was intended to settle that claim alone. *Daube and Cord v. LaPorte Cty. Farm Bureau* (1983), Ind.App., 454 N.E.2d 891. Consequently, the amount proffered by the debtor was paid to satisfy the bill for petroleum products only, for which debtor had been billed, even though the check bore the notation "acct. pd. in full June 25, 1981" on its face.

Directly on point is a Georgia case, *State Farm Fire & Cas. Co. v. Fordham* (1978), 148 Ga.App. 48, 250 S.E.2d 843. In that

case, Fordham settled with State Farm on an amount to repair her house that was damaged by fire. Fordham's policy also provided coverage for additional living expenses which were not part of discussions. Fordham signed a proof of loss form reciting that payment of $12,336 was made "in full release and satisfaction ... of all claims under this policy...." The appellate court held that an accord and satisfaction had resulted as to Fordham's claim for damages to her house, but not as to her claim for additional living expenses. It acknowledged the rule that when a creditor accepts a tender of an amount less than that claimed, upon the express or implied condition that it satisfied the entire debt, an accord and satisfaction results. *Id.* at 846. However, to be binding, there must be a meeting of minds as to the subject matter embraced in the agreement. *Id.* Accordingly, the court concluded no meeting of the minds was demonstrated as to the claim not considered in the proof of loss form, which referred only to the amount of Fordham's loss to her house.

█ Rauch succeeded in raising a genuine issue of material fact with respect to whether the parties intended the draft to constitute accord and satisfaction of all claims, including those for personal injuries, or at least whether the circumstances should have clearly indicated to Rauch that the condition was present. This factual issue may not be resolved on summary judgment. *Tabani v. Hester, supra.*

JUDGMENT REVERSED.

NEAL, J., concurs.

STATON, J., concurs in result with separate opinion.

STATON, Judge, concurring.

I concur in result. I would reverse because the circumstances of the parties clearly show that several controlling factors are not established. As Justice Hunter stressed in *Wecker v. Kilmer* (1973), 260 Ind. 198, 294 N.E.2d 132, at 135:

Two factors should be controlling in determining the effect of an agreement purporting to operate as a release:

"(1) Whether the injured party has received received full satisfaction; and

"(2) Whether the parties intended that the release be in full satisfaction of the injured party's claim, ..."