## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 14 2017, 6:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. John Wray
Wray Law Office
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Laura Boyer King
Scott & Aplin LLC
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melton Ortiz,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>Jonathan's Landing Community Association, Inc.,<br><br>*Appellee-Plaintiff.* | September 14, 2017<br><br>Court of Appeals Case No.<br>02A05-1704-SC-828<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Jennifer L. DeGroote, Magistrate<br><br>Trial Court Cause No.<br>02D03-1610-SC-16915 |

**Bradford, Judge.**

# Case Summary

Appellant-Defendant Melton Ortiz appeals from the trial court's order finding in favor of Appellee-Plaintiff Jonathan's Landing Community Association, Inc. ("the Association"). The Association brought the underlying lawsuit after Ortiz, a resident of the Jonathan's Landing subdivision and a member of the Association, refused to pay certain assessed association dues which he believed applied solely to membership at the Association's community pool. Having determined that Ortiz was responsible for paying all assessed association dues, not just the portion he chooses to pay, the trial court entered judgment in favor of the Association. Ortiz challenges the trial court's order on appeal, arguing that the trial court erred in finding that he failed to meet his burden of proving his alleged affirmative defenses. We affirm.

# Facts and Procedural History

Ortiz owns a residence located within the Jonathan's Landing subdivision in Allen County. As an owner of that property, Ortiz is automatically a member of the Association and is liable to the Association for maintenance and special assessments, commonly referred to as dues. The Association's covenants expressly states that a portion of the assessed association dues should be used to promote recreation and provide recreational amenities to the Association's members. One of the recreational amenities offered by the Association is an Association-owned-and-operated swimming pool.

[3]     It appears that the Association may have offered to allow Ortiz to make a partial payment of assessed association dues, excluding dues relating to membership at the Association's pool, on at least one occasion. In 2012, the offer was allegedly made by the Association and accepted by Ortiz. In 2013, the offer was allegedly made by the Association, but Ortiz chose to pay the full amount, giving his family access to the pool.

[4]     In 2014, the Association refused to accept partial payment of the assessed association dues. After Ortiz failed to pay the full amount of dues owed, the Association filed a small claims court action against Ortiz and the parties litigated Ortiz's obligation to pay association dues as assessed by the Association. At that time, the trial court found that Ortiz (1) failed to pay association dues in a timely manner despite being given various notices to pay and (2) did not deny that he owed the underlying dues "but contest[ed] various costs and the attorney fees."[1] Appellee's App. Vol. II, p. 2. At the conclusion of the proceedings, the trial court entered a judgment against Ortiz in the amount of $667.66. This judgment included $138.21 in principal debt and $529.45 in attorney's fees and costs. In imposing the judgment, the trial court noted that "[a]lthough the attorney fees are high for a principal debt of $138.21

---

[1] Although the trial court's 2014 order did not explicitly state that the contested dues were dues which Ortiz believed related to pool membership, in issuing the order that is at issue in the instant appeal, the trial court clarified that the nature of the dispute in the 2014 action revolved around whether Ortiz was required to pay the full assessed association dues, which included pool membership.

the behavior of [Ortiz] caused [the Association] to incur the attorney fees and costs." Appellee's App. Vol. II, p. 2.

[5] In 2015, Ortiz tendered a $275.00 check to the Association. After receiving Ortiz's check, the Association sent Ortiz a letter stating that it had received his partial payment. The letter further advised Ortiz that the Association was "not accepting [the partial payment] as total payment of [Ortiz's] dues as the full amount is $330 for every homeowner." Plaintiff's Ex. O. The letter informed Ortiz that if he failed to pay the remaining $55.00, he would "be subject to liens, late fees and other legal action to collect the full payment." Plaintiff's Ex. O. An invoice enclosed with the letter indicated that Ortiz owed an additional $55.00 to satisfy his 2015 assessed association dues. The Association subsequently filed a $55.00 lien against Ortiz's property.

[6] In 2016, Ortiz tendered a $275.00 check to the Association. Ortiz apparently included a handwritten note with the check indicating the following:

> To Whom:
>
> 275$^{00}$ for Assoc. Dues
> As we are all aware that I do not support or pay pool dues/fees.
> All contact of this issue is to go to my attorney.

Plaintiff's Ex. H. After receiving Ortiz's check, the Association sent Ortiz a letter stating that it had received his partial payment. The letter further advised Ortiz that the Association was "not accepting [the partial payment] as total payment of [Ortiz's] dues as the full amount is $330 for every homeowner."

Plaintiff's Ex. I. The letter indicated that in accordance with the Association's past practice, (1) $55.00 would be applied to satisfy Ortiz's 2015 indebtedness; and (2) $220.00 applied to 2016 dues, leaving $110.00 due and owning for his 2016 dues. The letter informed Ortiz that if he failed to pay the remaining $110.00, he would "be subject to liens, late fees and other legal action to collect the full payment." Plaintiff's Ex. I. An invoice enclosed with the letter indicated that Ortiz owed an additional $110.00 to satisfy his 2016 assessed association dues. The Association subsequently filed a $110.00 lien against Ortiz's property.

[7] In 2017, Ortiz tendered a $275.00 check to the Association. Ortiz wrote on the bottom of this check that the funds applied only to his 2017 dues. After receiving Ortiz's check, the Association sent Ortiz a letter stating that it had received his partial payment. The letter further advised Ortiz that the Association was "not accepting [the partial payment] as total payment of [Ortiz's] dues as the full amount is $330 for every homeowner." Plaintiff's Ex. L. The letter informed Ortiz that if he failed to pay the remaining $55.00, he would "be subject to liens, late fees and other legal action to collect the full payment." Plaintiff's Ex. L. An invoice enclosed with the letter indicated that Ortiz owed an additional $55.00 to satisfy his 2017 assessed association dues.

[8] The Association subsequently filed a small claims court action against Ortiz to recover the outstanding dues. On March 14, 2017, the trial court issued an order which provided as follows:

1. [Ortiz] is a resident of Johnathan's Landing Neighborhood Association.

2. [Ortiz] has tried to establish a pattern of paying dues claiming he does not have a pool membership and only requested a membership in 2012.

3. Evidence presented seems to contradict [Ortiz's] testimony in that he was asked in 2012 if he wanted "access to the pool again this year?" which would reflect a membership in 2011. It is unclear whether he actually paid for the membership he received in 2012 yet a key fob was issued for his use in 2012 which was subsequently deactivated for lack of payment.

4. This Court has previously held [Ortiz] is liable for the full amount of the dues being billed to [him] annually. [Ortiz] failed to establish any exception to this by conduct of the neighborhood association.

5. [Ortiz] is also liable for reasonable attorney fees which the court calculated to be $250.00.

Judgment for [the Association] against [Ortiz] for $415.00. Costs to [Ortiz].

Appellant's App. Vol. II, p. 2. This appeal follows.

# Discussion and Decision

[9] At the outset, we note that the trial court's order indicates that the trial court previously held that Ortiz is liable for the full amount of assessed association dues. The Association has provided us with a copy of a 2014 order issued by the trial court relating to a dispute between the parties as to the payment of

assessed association dues. Given that the trial court's 2014 order, like the instant matter, appears to have concerned the parties' long-term dispute over whether Ortiz was responsible for paying the portion of fees he claims relate to pool memberships, Ortiz's claims in this appeal are arguably barred by the doctrine of res judicata.[2] However, given that the language of the trial court's 2014 order does not explicitly state that the challenged assessed association fees related to pool membership, we will address the merits of the contentions levied by Ortiz in the instant appeal.

[10] Ortiz contends that the trial court erred in finding that he was required to pay the full amount of assessed association dues.

> Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. This "deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995) (quoting S.C.R. 8(A)). But this deferential standard does not apply to the substantive rules of law, which are reviewed de novo just as they are in appeals from

---

[2] "The doctrine of res judicata bars the litigation of a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies." *MicroVote General Corp. v. Ind. Election Com'n*, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010) (citing *Small v. Centocor, Inc.*, 731 N.E.2d 22, 26 (Ind. Ct. App. 2000), *trans. denied*).

a court of general jurisdiction. *Lae v. Householder*, 789 N.E.2d 481, 483 (Ind. 2003).

*Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067-68 (Ind. 2006).

# I.  Affirmative Defenses

In challenging the trial court's order, Ortiz argues that the trial court erred in finding that he failed to prove three alleged affirmative defenses: (1) promissory estoppel, (2) accord and satisfaction, and (3) abandonment.  The party asserting the affirmative defense bears the burden of proving said defense.  *See generally, Alkhalidi v. Ind. Dept. of Corr.*, 42 N.E.3d 562, 566 (Ind. Ct. App. 2015) (providing that the Department of Correction, as the party asserting the affirmative defense, had the burden of proving said defense).  When the party asserting the affirmative defense appeals from a determination that he failed to prove the alleged affirmative defense, he appeals from a negative judgment. *Mominee v. King*, 629 N.E.2d 1280, 1282 (Ind. Ct. App. 1994).

> When a party appeals from a negative judgment, he must demonstrate that the evidence points unerringly to a conclusion different from that reached by the trial court. *Communications Workers of America, Locals 5800, 5714 v. Beckman* (1989), Ind. App., 540 N.E.2d 117, 127.  We will reverse a negative judgment only if the decision of the trial court is contrary to law. *Aetna Casualty & Sur. Co. v. Crafton* (1990), Ind. App., 551 N.E.2d 893, 894.  In determining whether a trial court's decision is contrary to law, we must determine if the undisputed evidence and all reasonable inferences to be drawn therefrom lead to but one conclusion and the trial court has reached a different one. *Id.*

*Id*.

## A.  Promissory Estoppel

[12]  Ortiz first claims that the Association could not prevail against him because it was barred from seeking the funds associated with a pool membership under the doctrine of promissory estoppel.

> Estoppel is a judicial doctrine sounding in equity.  Although variously defined, it is a concept by which one's own acts or conduct prevents the claiming of a right to the detriment of another party who was entitled to and did rely on the conduct. *In re Edwards*, 694 N.E.2d 701, 715 (Ind. 1998).  There are a variety of estoppel doctrines including: estoppel by record, estoppel by deed, collateral estoppel, equitable estoppel-also referred to as estoppel in pais, promissory estoppel, and judicial estoppel.  28 Am. Jur. 2d Estoppel and Waiver § 2 (2000).  All, however, are based on the same underlying principle: one who by deed or conduct has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct that causes injury to such other.  31 C.J.S. Estoppel and Waiver § 2 (1996).

*Brown v. Branch*, 758 N.E.2d 48, 51-52 (Ind. 2001).  Promissory estoppel "encompasses the following elements: (1) a promise by the promissor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise." *Id*. at 52 (citing *First Nat'l Bank of Logansport v. Logan Mfg. Co., Inc.*, 577 N.E.2d 949, 954 (Ind. 1991)).

[13] Ortiz submitted evidence to the trial court which seems to indicate that in 2012, Ortiz was granted the option of paying only partial dues, *i.e.*, an amount excluding fees relating to pool membership. Defendant's Ex. 1. The record contains no indication of the circumstances under which such an option was presented to Ortiz. It appears that this offer may have again been extended to Ortiz in 2013, but that Ortiz elected to have a pool membership in 2013. Further, Ortiz has presented no evidence supporting his claim that he had entered into an agreement by which he would, in perpetuity, be granted the opportunity to pay only partial dues. The record also contains a significant amount of evidence indicating that the Association has not permitted or accepted partial payment since 2013, much less on a regular basis. The trial court found that the evidence submitted by the parties "seems to contradict [Ortiz's] testimony" regarding the alleged promise.[3] Appellant's App. Vol. II, p. 2. Finding that there was no evidence that the claimed promise existed, the trial court found that Ortiz had failed to meet his burden of proof relating to this alleged affirmative defense. This finding is supported by the record presented on appeal. As such, we are unpersuaded that the trial court erred in this regard.

---

[3] To the extent that Ortiz points to a 2001 lien against his property in the amount of $900.00 as proof of an agreement that he would not have to pay dues associated with pool membership, nothing in the record indicates that the lien had any connection or relation to the payment of the portion of the assessed association dues which were assessed in relation to one's pool membership.

# B. Accord and Satisfaction

Ortiz also claims that he sufficiently proved the affirmative defense of accord and satisfaction.

> "Accord and satisfaction is a method of discharging a contract, or settling a cause of action by substituting for such contract or dispute an agreement for satisfaction." *Daube and Cord v. LaPorte County Farm Bureau* (1983), Ind. App., 454 N.E.2d 891, 894. The term "accord" denotes an express contract between two parties by means of which the parties agree to settle some dispute on terms other than those originally contemplated, and the term "satisfaction" denotes performance of the contract. *Reed v. Dillon* (1991), Ind. App., 566 N.E.2d 585, 590. As a contract, accord and satisfaction requires a meeting of the minds or evidence that the parties intended to agree to an accord and satisfaction. *See Erie Co. v. Callahan Co.* (1933), 204 Ind. 580, 585, 184 N.E. 264, 266. Under Indiana Trial Rule 8(C), accord and satisfaction is an affirmative defense which must be specifically pleaded and proven by the party raising it. The question of whether the party making the defense has met its burden is ordinarily a question of fact but becomes a question of law if the requisite controlling facts are undisputed and clear. *See Rauch v. Shots* (1989), Ind. App., 533 N.E.2d 193, 194, *trans. denied*.

*Mominee*, 629 N.E.2d at 1282. "[U]nder Indiana law, a check tendered in satisfaction of a claim must be accompanied by an express condition that the acceptance is in full satisfaction of the claim and that the creditor takes the check subject to that condition." *Id.* (citing *Rauch*, 533 N.E.2d at 194). "Further, and most importantly, the creditor must positively understand the condition upon which the check is tendered." *Id.* (citing *Rauch*, 533 N.E.2d at 194).

With respect to the 2015 assessed association dues, Ortiz tendered a $275.00 check to the Association. After receiving Ortiz's check, the Association sent a letter indicating the following to Ortiz via email and U.S. Mail:

> Dear Mr. Ortiz,
>
> We are in receipt of your partial payment of $275 for your 2015 JLCA dues dated April 22, 2015. Please be advised, we are not accepting this as total payment of your dues as the full amount is $330 for every homeowner. If you do not remit payment immediately for the remaining $55 you will be subject to liens, late fees and other legal action to collect the full payment.
>
> I have enclosed a new invoice showing the remaining balance due for your 2015 dues.

Plaintiff's Ex. O. The enclosed invoice indicated that Ortiz owed an additional $55.00 to satisfy his 2016 assessed association dues. The Association subsequently filed a $55.00 lien against Ortiz's property.

With respect to the 2016 assessed association dues, Ortiz tendered a $275.00 check to the Association. Ortiz apparently included a handwritten note indicating the following with the check:

> To Whom:
>
> 275$^{00}$ for Assoc. Dues
> As we are all aware that I do not support or pay pool dues/fees.
> All contact of this issue is to go to my attorney.

Plaintiff's Ex. H. After receiving Ortiz's check, the Association sent a letter indicating the following to Ortiz via email and U.S. Mail:

> Dear Mr. Ortiz,
>
> We are in receipt of your partial payment of $275 on February 4, 2016. Please be advised, we are not accepting this as total payment of your dues as the full amount is $330 for every homeowner. In addition, in accordance with our past practice, any payment received is first applied to prior outstanding indebtedness first and then applied to the current dues. In you case, you had an arrearage of $55 from the 2015 dues. Therefore, your $275 payment is being applied as follows:
>
>> 1) $55 applied to satisfy 2015 indebtedness; and
>> 2) $220 applied to 2016 dues, leaving $110 due and owning for your 2016 dues.
>
> If you do not remit payment immediately for the remaining $110 you will be subject to liens, late fees and other legal action to collect the full payment.
>
> I have enclosed a new invoice showing the balance for your 2016 dues.

Plaintiff's Ex. I. The enclosed invoice indicated that Ortiz owed an additional $110.00 to satisfy his 2015 assessed association dues. The Association subsequently filed a $110.00 lien against Ortiz's property.

[17] With respect to the 2017 assessed association dues, Ortiz tendered a $275.00 check to the Association. Ortiz wrote on the bottom of this check that the funds applied only to his 2017 dues. After receiving Ortiz's check, the

Association sent a letter indicating the following to Ortiz via email and U.S. Mail:

> Dear Mr. Ortiz,
>
> We are in receipt of your partial payment of the 2017 dues of $275 on January 31, 2017. Please be advised, we are not accepting this as total payment of your dues as the full amount is $330 for every homeowner. If you do not remit payment immediately for the remaining $55 you will be subject to liens, late fees and other legal action to collect the full payment.
>
> I have enclosed a new invoice showing the remaining balance due for your 2017 dues.

Plaintiff's Ex. L. The enclosed invoice indicated that Ortiz owed an additional $55.00 to satisfy his 2017 assessed association dues.

[18] The above-quoted exhibits demonstrate that Ortiz's tendered payments did not include the express condition that acceptance of the tendered partial payment resulted in full satisfaction of the dues owed. The exhibits also demonstrate that the Association did not agree to accept a partial payment of the dues owed as full satisfaction of Ortiz's obligation. Instead, the Association's actions make it clear that it was not accepting the funds tendered as payment in full. The trial court found that Ortiz had failed to meet his burden of proof relating to this alleged affirmative defense. This finding is supported by the record presented on appeal. As such, we are unpersuaded that the trial court erred in this regard.

# C. Abandonment

[19] Ortiz also claims that he sufficiently proved the affirmative defense of abandonment.

> We have previously observed that the abandonment of a contract is a matter of intention to be ascertained from the facts and circumstances surrounding the transaction. *Estate of Kappel v. Kappel*, 979 N.E.2d 642, 652 (Ind. Ct. App. 2012). "Abandonment may be inferred from the conduct of the parties, and a contract will be treated as abandoned when one party acts inconsistently with the existence of the contract, and the other party acquiesces." *Id*. "Abandonment of a contract is a mixed question of law and fact; that is, what constitutes abandonment is a question of law and whether there has been abandonment is a question of fact." *Id*.

*Turner v. Nationstar Mortg., LLC*, 45 N.E.3d 1257, 1263-64 (Ind. Ct. App. 2015).

[20] While Ortiz claims that the Association repeatedly allowed him to pay only partial dues, the evidence which he submitted to the trial court at most indicates that the Association did so on possibly two occasions. On one of these two occasions, Ortiz indicated that he wished to have the pool membership. As is stated above, the record is silent as to the circumstances surrounding the Association's alleged decision to accept partial payment on these occasions. Contrary to Ortiz's claim, the evidence overwhelmingly demonstrates that the Association did not abandon its right to enforce the terms of the its covenants and bylaws which give the Association the right to set the amount, terms, and conditions of assessed association dues. The trial court found that Ortiz had failed to meet his burden of proof relating to this alleged affirmative defense.

This finding is supported by the record presented on appeal. As such, we are unpersuaded that the trial court erred in this regard.

# Conclusion

In sum, the trial court did not err in finding that Ortiz had failed to meet his burden of proof as it relates to the three alleged affirmative defenses. As such, we affirm the judgment of the trial court. In doing so, we note that Ortiz has now unsuccessfully challenged his obligation to pay the full assessed association dues on two occasions. While we believe the trial court's rulings on this issue have been clear, to the extent that one could find such rulings to be ambiguous, our decision should be interpreted by the parties as making it explicitly clear that Ortiz, as a member of the Association, has an obligation to pay all assessed association dues and may not satisfy this obligation by tendering partial payment.

The judgment of the trial court is affirmed.

May, J., and Barnes, J., concur.