Marion BRUESTLE, Appellant,

v.

S & M MOTORS, INC., d/b/a Toyota on Nicholasville, Appellee.

No. 94–CA–001474–MR.

Court of Appeals of Kentucky.

Jan. 26, 1996.

Vaughn Murphy, Philpot & Sullivan, Lexington, for appellant.

Paul C. Gaines, III, Logan & Gaines, Frankfort, for appellee.

Before GARDNER, HOWERTON and HUDDLESTON, JJ.

### OPINION

HUDDLESTON, Judge.

Marion Bruestle appeals from a summary judgment order issued in favor of S & M Motors, Inc., d/b/a Toyota on Nicholasville, ("Toyota") in a civil action in which she alleged fraud and violation of Ky.Rev.Stat. (KRS) 190.290. Bruestle's claim is based upon the purchase of a 1993 Toyota Camry that had more miles on it than the odometer showed at the time of purchase from the Toyota dealership. Before purchasing the car for $16,800.00 in April 1993, Bruestle looked at similar cars at other dealerships. The other dealerships being unable to match the $16,800.00 price, Bruestle believed that Toyota on Nicholasville had the best deal to offer her. At the time of purchase, the odometer read "883 miles." The salesperson did not inform Bruestle otherwise although another Toyota employee may have indicated to Bruestle's husband that the car had approximately 8,000 miles on it.

Completely satisfied with the car's performance, Bruestle drove the car approximately 4,000 miles between April and July 1993. In July 1993, Bruestle took the car to Toyota's service department for a front end alignment. When she asked what other service the car might need, a service department employee checked computer data maintained by the dealership and informed Bruestle that the car's oil had been changed when the odometer read "7,500 miles." Believing the current odometer reading under 5,000 miles to be correct, Bruestle told this employee that the car had not reached 7,500 miles yet. The employee responded by informing Bruestle that the odometer had been replaced in March 1993, before she purchased the car. The employee also told her that the car actually had 12,515 miles on it because the original odometer read "7,672 miles" when it was replaced.

With this new-found knowledge, Bruestle informed Toyota that she would not have bought the car if she had known its true mileage. Toyota's sales manager responded by showing her a document saying that the dealership had only made a $251.00 profit on the sale of the car to her and suggested that Toyota would not have sold the car to her for $16,800.00 if it had not had so many miles on it. The parties began negotiating to compensate Bruestle for the mileage discrepancy when Bruestle exclaimed, "as far as I'm concerned, it's fraud." Bruestle rejected several of Toyota's offers before she finally agreed to accept a new 1993 Toyota Camry ordered from the factory identical to the used car she had purchased. When the new car arrived from the factory in August 1993, Bruestle returned the used car and accepted the new car at no expense to her. The new car was valued at $21,714.70, $5,313.70 more than the used car originally purchased. Toyota even paid the bank fees for substituting the new car as collateral on Bruestle's original loan and keeping the original note and security agreement in place.

■ Bruestle first claims that summary judgment was improper because the issue of accord and satisfaction[1] presents a question of fact, not law. Relying upon cases from other jurisdictions, Bruestle has failed to cite any Kentucky authority for this proposition. We believe, however, that *Rauch v. Shots*, 533 N.E.2d 193, 194 (Ind.Ct.App.1989), a case cited by Bruestle, actually supports the judgment of the lower court. Specifically, Bruestle quotes the Indiana Court of Appeals as holding that:

> An offer in satisfaction of a claim must be accompanied by an express condition that the acceptance is in full satisfaction of the claim and that the offeree takes the money subject to such condition. In lieu of an express condition, the circumstances must clearly indicate to the creditor that this condition is present. The issue of accord and satisfaction is ordinarily a question of fact and *becomes one of law only if the requisite controlling facts are undisputed and clear.* (Emphasis supplied.) (Citations omitted.)

*Rauch*, 533 N.E.2d at 194. *See also* 1 Am. Jur.2d *Accord and Satisfaction* § 57 (1994). Bruestle's own testimony indicates that she asserted her claim of fraud during negotiations with Toyota and, after rejecting several settlement offers, voluntarily agreed to exchange the used car for a new car ordered from the factory without "paying an extra penny." Considering this testimony, we believe that "[t]he issue of accord and satisfaction ... [became a question] of law" because "the requisite controlling facts are undisputed and clear." *Rauch*, 533 N.E.2d at 194. While Bruestle now claims that she did not believe that she was waiving her rights by accepting the new car valued at $21,714.70, she does not dispute the controlling facts that we find to be a clear indication of an accord and satisfaction. Under such circumstances, the issue of accord and satisfaction is a question of law. Considering the clear and undisputed controlling facts, we believe that

---

**1.** 1 Am.Jur.2d *Accord and Satisfaction* § 1 (1994) defines "accord and satisfaction" as "a method of discharging a claim whereby the parties agree to give and accept something other than that which is due in settlement of the claim and to perform the agreement. An 'accord' is the agreement, and 'satisfaction' is its execution or performance." The article further explains that "[a] valid accord and satisfaction completely discharges the obligor's existing duties and constitutes a defense to any attempt to enforce [the claim]." *Id.*

"it would be impossible for [Bruestle] to produce evidence at the trial warranting a judgment in [her] favor...." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 483 (1991). Accordingly, summary judgment was properly granted.

 Similarly, Bruestle claims that equitable estoppel was an improper basis for summary judgment. In *Hicks v. Combs*, 311 Ky. 149, 223 S.W.2d 379, 381 (1949), the state's highest court explained that "[t]he doctrine of equitable estoppel is applied to transactions in which it would be unconscionable to permit a person to maintain a position which is inconsistent with one in which he has acquiesced." Bruestle's claim is that summary judgment was improper because equitable estoppel presents a question of fact. She points to *McKenzie v. Oliver*, Ky. App., 571 S.W.2d 102, 106 (1978), for the proposition that "[e]stoppel is always a question of fact to be determined by the circumstances of each case." We do not disagree with this statement. But, again, we find no error in the grant of summary judgment *under the circumstances of this case*. Summary judgment "shall be rendered ... if ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Ky.R.Civ. Proc. (CR) 56.03. The facts that support the court's conclusion that an accord and satisfaction existed also establish estoppel. For example, Bruestle's own testimony suggests that she actively negotiated with Toyota before she agreed to accept a new car to settle the dispute over the transaction that she had declared to be fraudulent. Since these material facts are not in dispute, summary judgment was appropriate. *Steelvest*, 807 S.W.2d at 483.

We also reject Bruestle's contention that KRS 190.310 preempts the defenses of accord and satisfaction and equitable estoppel. KRS 190.310 merely establishes "[l]iability

for violation of KRS 190.270 to 190.320 [2] with intent to defraud" and sets a minimum amount for damages in such actions. The fact that the statute does not mention the applicability of such defenses does not preclude the assertion of the defenses in circumstances, such as this, where the parties reached a settlement agreement.

The judgment is affirmed.

All concur.

---

2. Ky.Rev.Stat. (KRS) 190.270(1) provides that "[i]t is unlawful for any person to advertise for sale, to sell, to use, or to install or to have installed, any device which causes an odometer to register any mileage other than the true mileage driven. For purposes of this section, the true mileage driven is that mileage the vehicle has been driven as registered by the odometer within the manufacturer's designed tolerance." In cases such as this where an odometer must be replaced, KRS 190.290 requires that written notice "specifying the mileage prior to ... replacement ... and the date on which it was ... replaced" be affixed "to the left door frame of the vehicle...."