Irvin LIGGONS and Sheila
Liggons, Appellants,

v.

HOUSE & ASSOCIATES INSURANCE,
Appellee.

No. 1998–CA–000068–MR

Court of Appeals of Kentucky.

Feb. 5, 1999.

Lee E. Sitlinger, Louisville, Kentucky,
for appellants.

William P. Swain, William B. Orberson,
Louisville, Kentucky, for appellee.

Before COMBS, DYCHE, and
SCHRODER, Judges.

*OPINION*

SCHRODER, Judge:

This is an appeal from a summary judg-
ment entered in favor of an insurance
agency in an action against it for failure to
remit premium payments to the insurance
carrier for insurance on the appellants' car
which was subsequently destroyed in a
fire. Appellants argue the trial court
erred in determining that payment for the
damaged car by the agency constituted a
release of all claims and an accord and
satisfaction. Upon reviewing the record
and the applicable law, we deem that the
payment for the car operated to release
the claim for property damage to the car
but did not release the appellants' claim

for other damages. Thus, we affirm in part and reverse and remand in part.

From September 1995 through August 1996, appellants, Irvin and Sheila Liggons, paid premiums to appellee, House & Associates Insurance ("House"), for House to procure automobile insurance coverage for their multiple vehicles utilized by them for personal and business use. It is not disputed that appellants paid said premiums promptly on a quarterly basis. On July 27, 1996, one of the vehicles for which the Liggonses had paid for insurance coverage was destroyed by fire. When the Liggonses thereafter attempted to collect for the loss from the insurance carrier, Great American Insurance Company ("Great American"), Great American notified the Liggonses that the check that House had sent to Great American for payment of their insurance policy had bounced due to insufficient funds on at least two occasions. Thus, Great American denied appellants' claim.

Following the denial of their claim, the Liggonses, without the assistance of counsel, contacted House and House agreed to pay for the value of the Liggonses' destroyed vehicle and the cost of a rental car. On September 16, 1996, upon receipt of the $7,500 from House for the car, the Liggonses signed a document which stated the following:

> I Irvin Liggons agreed to accept $7,500.00 from House Associates Insurance Inc. for the 1984 Cadillac Eldorado which is considered a total loss to a[sic] fire damage, which accured [sic] on July 27, 1996.
>
> I am to keep the above mentioned automobile as salvage.

In addition to being paid for the destroyed vehicle and the rental car, House refunded the premiums which the Liggonses had paid for coverage and reimbursed the Liggonses for the deductible which would have been available under the policy had it been issued.

Subsequently, Sue House of House Insurance met again with the Liggonses at which time the Liggonses told House that they felt they were entitled to $150,000 for the remaining damages but that they would settle for $50,000. House then advised the Liggonses that they did not have that kind of money.

The Liggonses then filed a complaint with the Kentucky Department of Insurance, to which House responded by letter. After review of the matter, the Department of Insurance sent a letter to the Liggonses stating that it felt that, given the payment for the car, the rental car, and the deductible, a fair settlement had been reached and that House had made adequate restitution to the Liggonses.

On December 3, 1996, the Liggonses filed suit against House alleging ordinary negligence and that House acted intentionally, fraudulently, wantonly, or grossly negligently in failing to promptly remit the premium payments to Great American. Besides seeking damages for the loss of the vehicle, the Liggonses alleged loss of income, mental anguish, and punitive damages. On September 12, 1997, the court entered summary judgment in favor of House, finding, as a matter of law, that the receipt of the payment for the destroyed vehicle was a release of all claims and an accord and satisfaction. This appeal by the Liggonses followed.

■ Appellants argue that the trial court erred in ruling that, as a matter of law, the payment for the car released all claims and operated as an accord and satisfaction. Summary judgment should only be used to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at trial warranting a judgment in his favor and against the movant. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991).

■ The validity and scope of a release is determined by the intent of the parties, which must be gathered from the terms of

the release in light of the particular facts and circumstances. *Leitner v. Hawkins,* 311 Ky. 300, 223 S.W.2d 988 (1949). Under the doctrine of accord and satisfaction, "[a]n offer in satisfaction of a claim must be accompanied by an express condition that the acceptance is in full satisfaction of the claim and that the offeree takes the money subject to such condition. In lieu of an express condition, the circumstances must clearly indicate to the creditor that this condition is present." *Bruestle v. S & M Motors, Inc.,* Ky.App., 914 S.W.2d 353, 354 (1996) (quoting *Rauch v. Shots,* 533 N.E.2d 193, 194 (Ind.Ct.App.1989)).

■ As stated previously, the receipt for payment for the destroyed vehicle specifically stated that Irvin Liggons accepted the $7,500 payment from House "for the 1984 Cadillac Eldorado which is considered a total loss to a[sic] fire damage." However, in the Liggonses' complaint, they sought damages other than compensatory damages for their destroyed vehicle. They sought damages for loss of income, mental anguish and punitive damages, alleging that House acted fraudulently, intentionally, wantonly, or grossly negligently in failing to remit their premium payments to Great American. Nowhere on the receipt does it say that the money was accepted as full satisfaction of all claims against House. Nor do the facts and circumstances surrounding the case clearly indicate that the parties agreed that the money would be in full satisfaction of all claims. It is not disputed that Sue House met with the Liggonses after the payment for the destroyed vehicle was received by the Liggonses to discuss further remunerations from House that would satisfy the Liggonses. This certainly suggests that House was aware that the Liggonses had further claims that had not been released.

It has been held that where money is given in satisfaction of an entirely distinct claim, there is no extinguishment of the claim sued upon. *Hubbard's Adm'x v. Louisville & N.R. Co.,* 267 Ky. 435, 102

S.W.2d 343 (1937). In *Camp Taylor Development Co. v. Wimberg,* 271 Ky. 635, 113 S.W.2d 9 (1938), it was held that a property owner's acceptance of a receipt for an amount paid to the water company was not a compromise and settlement of all matters in controversy, including a claim for damages for cutting off the owner's water supply, where the question of damages was not discussed and the receipt showed that it was merely intended to cover the amount due for water service up to the date of payment. Similarly, a release regarding construction and grading of a road did not bar the plaintiff's related claim arising out of flooding allegedly caused by defendant's negligent failure to continue or extend the curb along the road. *Commonwealth, Dept. Of Highways v. Smith,* Ky., 388 S.W.2d 362 (1965).

■ Generally, the issue of accord and satisfaction is a question of fact. *Bruestle,* 914 S.W.2d at 354. However, the issue becomes one of law if the requisite controlling facts are undisputed and clear. *Id.* In the present case, we cannot say, given the language in the receipt at issue and other evidence suggesting that the parties were aware that the payment was not in full satisfaction of all claims, that the controlling facts are undisputed and clear. We do, however, affirm the court's summary judgment as to any further claim for property damage as to the car. As to the other claims, we reverse the summary judgment and remand for further proceedings consistent with this opinion.

Accordingly, for the reasons stated above, we affirm in part and reverse and remand in part.

All concur.