**Calvin MORGAN, Appellant,**

v.

**Rick CRAWFORD, Appellee.**

**No. 2002–CA–000339–MR.**

Court of Appeals of Kentucky.

May 16, 2003.

David P. Nutgrass and Clifford A. Branham, Lawrenceburg, KY, for Appellant.

Bobbi Jo Lewis, Lawrenceburg, KY, for Appellee.

Before: DYCHE and McANULTY, Judges; and POTTER, Special Judge.[1]

*OPINION*

JOHN WOODS POTTER, Special Judge (Assigned).

Calvin Morgan (Morgan) appeals from an order of the Anderson Circuit Court granting summary judgment to Rick Crawford (Crawford) in a lawsuit concerning the amount due on a driveway-repaving job. Holding that the parties had

1. Senior Status Judge John Woods Potter sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution.

reached an accord and satisfaction, the Circuit Court granted summary judgment to Crawford. We affirm.

The relevant facts are simple and not in dispute. Appellant Calvin Morgan's son, John David Morgan (John David), paved Crawford's driveway. After the driveway was completed, John David sent Crawford a bill for $17,329.25. On January 1, 2002, after a dispute arose concerning the amount due, Crawford sent John David a check, Check No. 1042, for $5,733.20 with the notation "Payment in full–1150 Powell Taylor Driveway" written both on the memo line on the front of the check and above the endorsement line on the back of the check. After receiving the check John David struck through both notations, wrote "Under Protest" below his endorsement, and cashed the check. John David later assigned his claim for the alleged balance due to his father, the appellant, who initiated the suit below.

On August 31, 2001, Crawford filed a motion for summary judgment contending that the disputed debt between himself and John David had been settled by accord and satisfaction as a result of John David's acceptance and negotiation of Check no. 1042, notwithstanding John David's obliteration of the "payment in full" notation and his "under protest" endorsement of the instrument. On January 24, 2002, the trial court executed an order granting Crawford summary judgment.

Morgan contends that the trial court erred in granting summary judgment on the basis that Kentucky Revised Statute (KRS) 355.1–207 of the Kentucky Uniform Commercial Code (UCC) and *Ditch Witch Trenching Co. of Ky., Inc. v. C & S Carpentry Services, Inc.*, Ky.App., 812 S.W.2d

171 (1991), authorized John David to reserve his rights to pursue the disputed debt by striking through the "paid in full" language and writing "under protest" on the check. We disagree.

As noted by the appellant, *Ditch Witch* is factually on all fours with this case, and *Ditch Witch* held that such endorsements as made by John David defeated accord and satisfaction. However, subsequent to that decision, the legislature overruled the result obtained in *Ditch Witch* when it amended the Kentucky version of the UCC in 1997. *See* KRS 355.1–207(2) and KRS 355.3–311.

As the dissent in *Ditch Witch, supra,* noted, the majority relied upon a minority interpretation of KRS 355.1–207 to reach its merchant friendly, have-your-cake-and-eat-it-too result. In 1990, Drafters of the UCC approved numerous revisions of the code, one of which made the previous language of UCC § 1–207 the first subsection,[2] and added a second subsection specifically stating "[The previous subsection] does not apply to an accord and satisfaction."

In addition, the Drafters proposed a new section, UCC § 3–311, to govern situations where the tender of a negotiable instrument attempts an accord and satisfaction. Both of these amendments were adopted in 1996. Acts of 1996, ch 130, §§ 37, 71; KRS 355.1–207(2), KRS 355.3–311. KRS 355.3–311, entitled Accord and Satisfaction by Use of Instrument, provides, in relevant part, as follows:

(1) If a person against whom a claim is asserted proves that:

**2.** The relevant language states as follows: "A party who, with explicit reservation of rights, performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest' or the like are sufficient."

(a) That person in good faith tendered an instrument to the claimant as full satisfaction of the claim;

(b) The amount of the claim was unliquidated or subject to a bona fide dispute; and

(c) The claimant obtained payment of the instrument,

the following subsections apply.

(2) Unless subsection (3) of this section applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

(3)(a) [Pertains to situation where claimant is an organization]

(3)(b) The claimant, whether or not an organization, proves that within ninety (90) days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted....

(4) A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant ... knew that the instrument was tendered in full satisfaction of the claim.

Under the plain language of KRS 355.3–311(2) the claim against Crawford is discharged because it is undisputed that the three prongs of KRS 355.3–311(1) are met and that Check 1042 contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim. The exception to KRS 355.3–311(2) available under KRS 355.3–311(3)(b) is not applicable because, after cashing the check, John David did not tender repayment within ninety days.

In addition, the claim is discharged pursuant to KRS 355.3–311(4). Crawford tendered a check in full satisfaction on a claim about which the parties were having a dispute. Because John David crossed out the restrictive language, presumably believing he could thereby negate the language, there can be no argument that he was unaware the check was tendered in full satisfaction of the claim. It follows that, pursuant to KRS 355.3–311(4), when John David cashed the check the claim was discharged.

Since there are no genuine issues of material fact and Crawford is entitled to judgment as a matter of law, the trial court properly granted summary judgment. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991).

For the above reasons the judgment of the Anderson Circuit Court is affirmed.

ALL CONCUR.