James R. ESTES; Randall S. Hayden; and Success Management Team, LLC, Appellants,

v.

Donald E. McKINNEY; and Town & Country Real Estate, Inc., Appellees.

No. 2010–CA–000576–MR.

Court of Appeals of Kentucky.

Sept. 30, 2011.

Edwin A. Jones, Nicholas D. Kafer, Paducah, KY, for appellants.

Theodore S. Hutchins, Paducah, KY, for appellees.

Before MOORE and VANMETER, Judges; SHAKE,[1] Senior Judge.

*OPINION*

SHAKE, Senior Judge:

James Estes, Randall Hayden, and Success Management Team, Inc. (collectively referred to as "Success") appeal from a McCracken Circuit Court summary judgment granted in favor of Donald McKinney and Town & Country Real Estate, Inc. (collectively referred to as "Town & Country"). Success bases its appeal on the following grounds: (1) the trial court inappropriately applied the doctrine of accord of satisfaction; and (2) the trial court failed to make findings of fact regarding Success's unanswered requests for admissions. After careful reviews of the record and applicable case law, we affirm the McCracken Circuit Court order of summary judgment.

### A. Factual Background

In February, 2004, Success and Town & Country entered into a merger agreement. Under the agreement, Success acquired 50% of Town & Country's stock and a Coldwell Banker residential franchise. On June 1, 2009, the parties entered into a settlement agreement to reverse the merger. The settlement agreement required Success to sell the stock back to Town & Country for $40,000.00. The $40,000.00 was to be paid by a payment of $20,000.00 upon execution of the settlement agreement, and by a $20,000.00 promissory note, payable 90 days later.

Success filed suit in the McCracken Circuit Court after Town & Country allegedly defaulted on the promissory note. Success claimed that Town & Country breached the merger agreement, breached the settlement agreement, and breached its obligations under the promissory note. Town & Country answered the complaint and filed a counterclaim alleging breach of contract, fraud, and contractual interference.

On November 5, 2009, after the complaint, answer, and counterclaim were filed, Town & Country's attorney sent Success's attorney a letter and a check for $18,500.00. The letter stated:

> Prior to [Success] filing of the above referenced lawsuit, [Town & Country] had incurred approximately $1,500.00 in attorney's fees as a result of [Success's] breach. In an effort to bring this matter to a close, [Town & Country] has directed me to deliver to you the enclosed check which represents [Town & Country's] final payment to [Success],

---

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

less the attorney's fee for which [Town & Country] was entitled to be indemnified. We trust this resolves and brings this matter to an end. Given the amount in controversy [Town & Country] does not intend to spend any more resources on the litigation over this matter.

The check was deposited into an escrow account of Success's attorney.

On December 8, 2009, Success's attorney sent Town & Country's attorney a letter rejecting the check as full payment. The letter provided:

> This correspondence is in response to the delivery of the check in the amount of [$18,500.00] in reference to the above claim. We have deposited those funds in an [e]scrow account pending a resolution of the case in total. As soon as we verify that those funds can be passed along to [Success], that will toll the running of interest on that amount due. Can we reach an agreement on that issue? Obviously there remain issues which we have not resolved. We do not agree that your client has the right to voluntarily offset unliquidated and disputed damages against a liquidated and promised promissory amount. Furthermore, your client owes interest and attorneys fees for his breach of the promissory note and contract. I have been authorized to offer you a settlement of this matter in the amount of [$25,000.00] of which you would receive an $18,500.00 credit.

This letter was placed in the trial court record.

Success moved for summary judgment based on the promissory note signed by McKinney, president of Town & Country. Town & Country responded that it had reached an accord and satisfaction on the claim. The trial court granted summary judgment in favor of Town & Country.

The court found that no material issue of fact existed and that accord and satisfaction had been reached.

### B. Standard of Review

When reviewing a trial court's ruling on a motion for summary judgment, appellate courts must ask "whether the trial court correctly found there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Hallahan v. The Courier–Journal,* 138 S.W.3d 699, 704 (Ky.App. 2004). In its decision, the trial court must have viewed all evidence in the light most favorable to the non-moving party and resolved all doubts in his favor. *Id.* at 705. Appellate courts need not defer to the trial court's decision. *Id.* As legal conclusions are involved and findings of fact are not at issue, appellate review shall be conducted under a *de novo* standard. *Id.*

### C. Accord and Satisfaction

■ Under Kentucky law, the doctrine of accord and satisfaction provides that a claim may be discharged "[i]f a person against whom a claim is asserted proves that":

> (a) That person in good faith tendered an instrument to the claimant as full satisfaction of the claim;
>
> (b) The amount of the claim was unliquidated or subject to a bona fide dispute; and
>
> (c) The claimant obtained payment of the instrument[.]

KRS 355.3–311(1).

However, the claim is not discharged under KRS 355.3–311(1) if the claimant proves that:

> 1. Within a reasonable time before the tender, the claimant sent a conspicuous statement to the person against whom the claim is asserted that communica-

tions concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to a designated person, office, or place; and

2. The instrument or accompanying communication was not received by the designated person, office, or place.

KRS 355.3–311(3).

■ Whether a debt or a claim is discharged based upon accord and satisfaction is normally a question of fact and, therefore, an inappropriate basis for summary judgment. *Liggons v. House & Associates Ins.*, 3 S.W.3d 363, 365 (Ky.App. 1999). However, accord and satisfaction may become an issue of law "if the requisite controlling facts are undisputed and clear." *Id.*

In its order, the trial court determined that no material issues existed concerning whether Town & Country tendered the check in full satisfaction of a bona fide dispute. The court also found that no issues of fact existed concerning Success's knowledge that the check was tendered in full satisfaction. However, the court did not address the letter sent by Success rejecting the check as full satisfaction.

■ Success argues that its claim against Town & Country was based upon the fixed amount of the promissory note and, thus liquidated, and that the trial court erred in finding that it was not the subject of a bona fide dispute. Success argues that allegations in a counter claim alone do not rise to the level of a bona fide dispute. Claiming that Kentucky law has never defined the term, Success asks this Court to apply the test of "whether there is an objective basis for either a factual or a legal dispute as to the validity of a debt" to determine the existence of a bona fide dispute. Kentucky courts have previously opted for a common sense interpretation of the phrase. "The term 'bona fide' means

good faith, and the terms are interchangeable." *Meade v. Richardson Fuel, Inc.*, 166 S.W.3d 55, n. 7 (Ky.App.2005).

Although there is no dispute concerning the amount of the promissory note, Success's entitlement to the amount was disputed in good faith. In its answer to Success' complaint, Town & Country alleged that Success failed to timely transfer the Coldwell Banker Franchise and failed to disclose the existence of litigation that prevented the transfer. Town & Country tendered the check following its assertion of these allegations. Further, the letter accompanying the check explained that Town & Country incurred $1,500.00 in legal fees based upon Success' failure to timely transfer the franchise. The letter reiterates Town & Country's position that Success did not comply with the terms of the settlement agreement, thereby relieving it of its duty to pay the full amount of the promissory note.

■ Success also disputes that it obtained payment as required under KRS 355.3–311(1)(c) and, instead, placed the $18,500.00 in its attorney's escrow account. Success rejected the check as full satisfaction of the note and stated that the funds would remain in the escrow account until the action was fully resolved.

Under KRS 355.3–311(3)(b), a claimant may reject an instrument tendered in full satisfaction of the claim. However, the claimant must repay "the amount of the instrument to the person against whom the claim is asserted" within 90 days. KRS 355.3–311(3)(b); *Morgan v. Crawford,* 106 S.W.3d 480, 482 (Ky.App.2003). Although Success sent Town & Country a letter rejecting the check as full satisfaction of its claim, Success did not repay Town & Country.

Since Town & Country met the criteria of the accord and satisfaction doctrine and

Success failed to repay the amount within a 90 day period, Town & Country's debt was discharged by the check.

### D. Requests for Admissions

 On November 9, 2009, Success filed interrogatories and requests for admissions. At the time Success moved for summary judgment, on January 4, 2010, almost 60 days had passed from the time that Success served the discovery requests and requests for admissions on Town & Country. The requests for admissions remained unanswered. Success claims that the Kentucky Rules of Civil Procedure (CR) 36 required the trial court to view the unanswered requests for admissions as admissions. Success claims that the trial court failed to do so.

Although the failure to respond to a request for admissions results in admissions under CR 36, the claim had been discharged by accord and satisfaction prior to Success's summary judgment motion. Therefore, any disputed issues that may have been deemed admitted by the unanswered requests for admissions dissolved upon the occurrence of the accord and satisfaction.

Accordingly, the McCracken Circuit Court summary judgment is affirmed.

ALL CONCUR.