Chauncey J. TUDOR, Appellant

v.

Melanie K. TUDOR, Appellee.

No. 2012–CA–000110–MR.

Court of Appeals of Kentucky.

April 12, 2013.

Andrew Stephens, Lexington, KY, for appellant.

John Oakley, II, Nicholasville, KY, for appellee.

Before CAPERTON, LAMBERT, and MAZE, Judges.

## OPINION

CAPERTON, Judge:

The appellant, Chauncey Tudor, appeals a Jessamine County Circuit Court order denying his request to modify the amount of monthly maintenance owed to the appellee, Melanie Tudor. The circuit court determined that the maintenance payments owed by Chauncey were not rendered unconscionable as a result of changed circumstances. However, the court improperly considered the income of Chauncey's new spouse and we reverse and remand for proceedings consistent with this opinion.

On February 5, 2008, Chauncey and Melanie initiated the dissolution of their marriage. On March 26, 2009, after extensive hearings and a trial, the circuit court entered findings of fact and conclusions of law. Chauncey was named the custodial parent and was ordered to pay maintenance in the amount of $1,700 per month for ten years. On April 20, 2009, the court entered a decree for the dissolution of the marriage.

On January 5, 2011, Chauncey filed a motion to require disclosure of financial documents, a motion to modify child support, and a motion to modify maintenance.[1] The court held a hearing on November 29, 2011, and entered findings of facts and conclusions of law on December 19, 2011. The court's order did not discuss the modification of child support and only addressed Chauncey's maintenance obligation. Likewise, this appeal only concerns the modification of maintenance. Ultimately, the court determined the maintenance obligation should not be altered because the payment amount was not unconscionable.

Maintenance payments may be modified "upon a showing of changed circumstances so substantial and continuing

---

1. Chauncey also filed a "motion to return watch," which was not addressed in the order at issue and is not raised on appeal.

as to make the terms unconscionable." Kentucky Revised Statutes (KRS) 403.250(1). Maintenance becomes unconscionable if it is "manifestly unfair or inequitable." *Combs v. Combs,* 787 S.W.2d 260, 261 (Ky.1990). "To determine whether the circumstances have changed, we compare the parties' current circumstances to those at the time the court's separation decree was entered." *Block v. Block,* 252 S.W.3d 156, 160 (Ky.App.2008).

■ The circuit court's decision to decline modification of the maintenance award is reviewed for abuse of discretion. *Id.* at 159. We may only disturb the court's conclusion if it "abused its discretion or based its decision on findings of fact that are clearly erroneous." *Powell v. Powell,* 107 S.W.3d 222, 224 (Ky.2003). The circuit court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Artrip v. Noe,* 311 S.W.3d 229, 232 (Ky.2010). While the circuit court's factual findings are given deference, questions of law are reviewed *de novo. Block,* 252 S.W.3d at 159.

■ This case presents a novel legal issue. Specifically, should a new spouse's income, and the couple's ability to provide for the children of their marriage, be considered when determining if maintenance owed to the former spouse should be modified? In this case, the circuit court determined that at the conclusion of the divorce proceedings Chauncey earned approximately $96,000 per year. However, in January of 2011, when Chauncey sought modification of the maintenance payments, he made only $48,000 per year. Relying primarily on the income of Chauncey's new wife, and citing expenses relating to their marriage and the children of their marriage, the court determined that Chauncey's maintenance obligation was not unconscionable.

■ As indicated above, modification of maintenance looks solely to whether the payor's circumstances have changed in a substantial and continuing way such that they are rendered unconscionable. *See* KRS 403.250. The circuit court's primary reliance on the income of the new wife and expenses associated with Chauncey's new children is misplaced. Instead, the court should focus on whether the change in Chauncey's income is substantial and continuing such that the award is unconscionable. *See* KRS 403.250. In making this determination, the court may consider the extent to which Chauncey's relevant expenses have been reduced as a result of his new marriage. However, this consideration is only relevant to determine if the existing award should be reduced, not increased. We also note that other factors to be considered by a court are whether the individual obligated to pay maintenance is voluntarily underemployed, *Bickel v. Bickel,* 95 S.W.3d 925 (Ky.App.2002), and whether retirement, if it applies, was reasonable, *Barbarine v. Barbarine,* 925 S.W.2d 831 (Ky.App.1996), neither of which was raised below.

For the reasons set forth above, we reverse and remand for proceedings consistent with this opinion.

LAMBERT, Judge, Concurs.

MAZE, Judge, Concurs and Files Separate Opinion.

MAZE, Judge, Concurring.

While I am reluctant to reverse the trial court's ruling on a discretionary matter, I entirely agree with the majority that the trial court misapplied the facts to the applicable law. A spouse's decision to remarry and start a new family does not negate his obligation to pay his maintenance obligation to his prior spouse. In

this case, that obligation rests on Chauncey alone, and his new wife has no obligation to contribute to Melanie's support. A trial court abuses its discretion when its decision rests on an error of law, such as the application of an erroneous legal principle or a clearly erroneous factual finding. *See Miller v. Eldridge*, 146 S.W.3d 909, 915 n. 11 (Ky.2004). The trial court's improper reliance upon the income of Chauncy's new wife and expenses associated with his new children amounts to the application of an erroneous legal principle and therefore compels reversal in this case.

Nevertheless, the facts of this case could very well support the trial court's decision to deny Chauncey's motion on other grounds. KRS 403.250(1) allows the provisions of any decree respecting maintenance to be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." "Unconscionable" means "manifestly unfair or inequitable." *Shraberg v. Shraberg*, 939 S.W.2d 330, 333 (Ky. 1997), and *Wilhoit v. Wilhoit*, 506 S.W.2d 511, 513 (Ky.1974). Since the policy of the statute is for relative stability, evidence for the movant must be compelling for the trial court to grant the relief requested. *Bickel v. Bickel*, 95 S.W.3d 925, 927–28 (Ky.App.2002).

As the majority correctly points out, the trial court must consider Chauncey's motion to reduce maintenance based only on whether his circumstances have changed in a substantial and continuing way such that they are rendered unconscionable. The income of Chauncey's new wife and the additional expenses associated with his new children are relevant only to the extent that they affect Chauncey's ability to pay maintenance to Melanie. The majority also correctly notes that the trial court should consider whether the reduction in Chauncey's income resulted from his voluntary underemployment.

When making an original determination of the appropriate amount and duration of maintenance, KRS 403.200(2) directs the trial court to consider several factors, including a spouse's financial resources, ability to find appropriate employment, and the standard of living enjoyed during the marriage. This court has held that the statutory language implicitly permits a court to impute income to a voluntarily unemployed or underemployed spouse to determine both the spouse's entitlement to maintenance and the amount and duration of maintenance. *McGregor v. McGregor*, 334 S.W.3d 113, 117 (Ky.App.2011). Likewise, the court may consider a spouse's voluntary unemployment or underemployment when making the determination whether continued enforcement of the existing obligation would be unconscionable.

While Chauncey's income has been reduced by nearly half, it is not clear from the record whether this reduction was due to general economic circumstances, from his own choices, or some combination thereof. His prior employment history clearly suggests that he is capable of earning more than he does now, and is likely to recover most of his previous earning capacity. Indeed, the trial court's original decree found that Chauncey is "remarkably capable at auto sales, and especially, lot management," and noted that he has been able to progress in his career and find well-paying jobs even during times of downturn and personal adversity. In the absence of a showing of other facts relevant to his earning capacity, the trial court may reasonably find that Chauncey has failed to show that the current change in his circumstances is not likely to be substantial and continuing.

When these factors are properly considered, the trial court may reach the same

conclusion in denying Chauncey's motion to modify maintenance. I am hesitant to remand this matter for further proceedings entailing additional time and expense toward what could be a foregone conclusion. However, I must agree with the majority that Chauncey is entitled to have his motion decided based on an application of the correct legal principles. Therefore, I fully concur with the reasoning and the result of the majority opinion.