

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-15-00021-CR
_____

LANE ANDREW PICKLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 426th District Court
Bell County, Texas
Trial Court No. 73,248; Honorable Fancy Jezek, Presiding

June 17, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a plea of guilty, Appellant, Lane Andrew Pickle, was convicted of the offense of burglary of a habitation.[1]  Punishment was assessed by the trial court at twelve years confinement plus restitution in the amount of $41,296.90.  By a single issue, Appellant brings this appeal contending the trial court's written judgment should

---

[1] TEX. PENAL CODE ANN. § 30.02 (West 2011).  An offense under this section is second degree felony.  _Id._ at § 30.02(c)(2).

be reformed to delete the order of restitution because the last pronouncement of sentence by the trial judge did not include an order of restitution.[2]  We affirm.

BACKGROUND

At the conclusion of a bench trial based upon a plea of guilty, without a recommendation as to punishment, the trial judge pronounced a finding of guilt and assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twelve years.  The trial judge also ordered Appellant to pay restitution of $41,296.90, specifically identifying the victims of the offense to which restitution was payable.  In pronouncing sentence, the following exchange occurred:

> The Court: Mr. Pickle, if you will stand.  Mr. Pickle, at this time, I'm finding you guilty of burglary of a habitation.  It's the sentence of the Court, sir, that you serve 12 years in the Institutional Division of the Texas Department of Criminal Justice.  I will also order that you pay all court costs in this case.  In addition, I'm ordering that you pay restitution in the amount of $23,971.97 to [the victims].  I'll further order that you pay $17,324.93 to Allstate Insurance.  Is there any reason why sentence should not be imposed?
>
> Defense Counsel: No, ma'am.
>
> The Court: Do you have a jail credit?
>
> Defense Counsel: No, ma'am.  I'm sorry, I overlooked that, but I can fill it out very quickly.
>
> The Court: Is there any legal reason why sentence should not be imposed?

---

[2] This case was transferred to this court from the Third Court of Appeals pursuant to a docket equalization order entered by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We have applied precedent from that court where applicable.  *See* TEX. R. APP. P. 41.3.

Defense Counsel:   No, ma'am.

The Court:   Mr. Pickle, it's the sentence of the Court, sir, that you serve 12 years in the Institutional Division of the Texas Department of Criminal Justice. I will give you credit for the time that you've already served which I understand is 94 days. You understand, sir, that in this case you have a right to an appeal.

Defendant:   Yes, ma'am.

Following that exchange, the trial judge admonished Appellant concerning his right to a court-appointed attorney and a free reporter's record, followed by a general inquiry as to whether there was any further business before the court. Being advised that there was none, the court adjourned.

Appellant does not challenge the evidence to support the restitution order or the trial court's authority to order it as a part of his sentence. Instead, based solely on the exchange detailed above, Appellant contends the trial judge initially pronounced sentence for both a term of imprisonment and restitution but then orally pronounced a second, different sentence without ordering restitution. Appellant reasons the second pronouncement of sentence was a modification of the first pronouncement and should, therefore, control the written judgment. The essence of Appellant's argument is that the trial judge changed her mind and decided to delete the order of restitution she had so specifically pronounced only seconds before. We disagree.

ANALYSIS

In addition to any fine authorized by law, a sentencing court may order a defendant to make restitution to any victim of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2014). Restitution is punishment, *Weir v. State,* 278

3

S.W.3d 364, 366 (Tex. Crim. App. 2009), *Ex parte Cavazos,* 203 S.W.3d 333, 338 (Tex. Crim. App. 2006), and as such, it must be contained in the trial court's oral pronouncement of sentence in order to be included in the written judgment. *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2009); *Sauceda v. State,* 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. ref'd); *Alexander v. State,* 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2009); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Restitution orders are reviewed for an abuse of discretion, *Cartwright v. State,* 605 S.W.2d 287, 289 (Tex. Crim. App. 1980), and will not be disturbed on appeal so long as the trial court's ruling is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

Here, we must determine from the record whether the trial court properly included the payment of restitution in the written judgment. Appellant takes the position that the first oral pronouncement of sentence, which included restitution, was trumped by the use of the statement "it's the sentence of the Court," a second time, only moments later, without repeating the order of restitution. In reviewing the record, we see no reason to construe the first pronouncement of sentence as being anything separate and distinct from the second pronouncement of sentence. The two statements are separated by a mere five verbal exchanges, consisting of a total of thirty-six words, over a brief period of time, with no additional evidence or argument of counsel. The trial judge was very specific in her order of restitution—down to the penny—and there is

4

nothing in the record to indicate that she intended to modify the sentence imposed or delete the order of restitution. Quite to the contrary, it appears obvious the trial judge considered the entire soliloquy as a single unified pronouncement of sentence. Under these circumstances, we conclude the trial judge did orally pronounce the contested order of restitution in the presence of Appellant during sentencing, and as such, the written judgment does conform to the pronouncement of sentence in open court. Appellant's issue is overruled.

CONCLUSION

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Do not publish.