RENDERED:  NOVEMBER 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0304-MR

ARTHUR MEYERS
APPELLANT

v.
APPEAL FROM MEADE CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 14-CI-00388

JOY MEYERS
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND JONES, JUDGES.

ACREE, JUDGE:  Appellant, Arthur Meyers, appeals the Meade Circuit Court's

February 17, 2022 Order adopting domestic relations commissioner (DRC)

Heather Paynter's findings of facts and conclusions of law.  We affirm.

The parties married on March 9, 1991, and divorced on December 14,

2016.  For twenty-three years of their twenty-five-year marriage, Appellant served

in the military, becoming disabled after eighteen years of service.  Appellant is

now a retired combat veteran who is considered 100% disabled by the federal Department of Veteran Affairs (VA). Because of his status as a disabled veteran, Appellant received a Combat-Related Special Compensation (CRSC) award of $1,254.00 per month.[1]

Prior to their divorce, the parties voluntarily entered into a settlement agreement, dated June 26, 2015, and the circuit court incorporated its terms into the decree. Appellant agreed to pay Appellee, Joy Meyers, $1,500.00 per month as permanent monthly maintenance. Appellant failed to make a single post-decree maintenance payment.

Despite this, from the time of their divorce until December 2020, Appellee received the $1,254.00 from Appellant's CRSC award. Appellee never demanded the full $1,500.00 and was not entitled to Appellant's CRSC award. Appellant stopped sending his CRSC awards to Appellee at the end of 2020.

On March 9, 2021, Appellee filed a motion with the Meade Circuit Court requesting full payment of maintenance arrearages, with interest. In response, Appellant asked the court to reduce his maintenance payments.

The DRC concluded Appellant owed Appellee $45,402.14, with 6% interest, through December 2021. It appears the DRC counted the CRSC award

---

[1] Appellant may have voluntarily or involuntarily stopped receiving the CRSC award. The record is unclear on this fact.

payments toward Appellant's maintenance obligation. Additionally, per the settlement agreement, Appellant must continue to make permanent monthly maintenance payments.

The DRC also concluded Appellee's monthly income totaled $1,946.00, and Appellant's income increased since the time of divorce because Appellant started receiving $1,550.00 in monthly social security payments.

Appellant objected to the DRC's report, arguing Appellee waived maintenance payments and the principles of estoppel should prohibit Appellee from enforcing the maintenance payments after five years. The court rejected Appellant's argument. This appeal follows.

When appellate courts review a circuit court's decision to decline modifying monthly maintenance payments, we review for abuse of discretion. *Tudor v. Tudor*, 399 S.W.3d 791, 793 (Ky. App. 2013) (citing *Block v. Block*, 252 S.W.3d 156, 160 (Ky. App. 2008)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Accordingly, "[w]e may only disturb the court's conclusion if it 'abused its discretion or based its decision on findings of fact that are clearly erroneous.'" *Tudor*, 399 S.W.3d at 793 (quoting *Powell v. Powell*, 107 S.W.3d 222, 224 (Ky. 2003)).

On appeal, Appellant argues the circuit court erred because Appellee waived her right to monthly maintenance payments and should be estopped from arguing otherwise. Appellant also claims Appellee is no longer entitled to monthly maintenance payments, nor is she entitled to backpay or interest thereon.

Generally, the doctrine of equitable estoppel, or estoppel by acquiescence, applies "to transactions in which it would be unconscionable to permit a person to maintain a position which is inconsistent with one in which he has acquiesced." *Sparks v. Trustguard Ins. Co.*, 389 S.W.3d 121, 126-27 (Ky. App. 2012) (quoting *Bruestle v. S & M Motors, Inc.*, 914 S.W.2d 353, 355 (Ky. App. 1996)). The circuit court did not err when it overruled Appellant's objection on this ground because Appellee is not maintaining a position inconsistent with one with which she previously held. To support his argument, Appellant cites *Brannock v. Brannock*, 598 S.W.3d 91 (Ky. App. 2019), but our reasoning in *Brannock* does little to support Appellant's argument.

In *Brannock*, the party's settlement agreement required a husband to pay child support to his former wife. *Brannock*, 598 S.W.3d at 93. The parties cohabitated under the settlement agreement's terms for six years until the divorce was finalized. *Id.* During this time, the husband paid no child support, but paid the mortgage on a new house and other debt incurred during this time. *Id.* The wife expressly agreed to this payment instead of child support payments. *Id.* at

-4-

101. After the parties' divorce, the wife alleged the husband owed her $70,000 in child support payments. *Id.* at 93-94. We determined equitable estoppel would prevent the wife from collecting on the child support payments because she agreed to Appellant's other economic benefits in lieu of child support. *Id.* at 101.

Here, there is no evidence Appellee agreed to receive the CRSC award in lieu of monthly maintenance payments. This is unlike the parties in *Brannock*, who expressly agreed to other economic benefit to wife in place of child support. *Id.* at 101. Further, in *Brannock*, had the circuit court awarded the wife the child support backpay, she would have received a windfall. Here, Appellee did not receive a windfall; rather, she received less than what Appellant agreed to pay in the settlement agreement. The DRC's calculations of Appellant's delinquent obligation appear to take into consideration the amount paid from the CRSC award – which was lower than the promised monthly payments.

Regardless of the money's source, Appellee received it because, consistent with the parties' agreement, the divorce decree awarded it to her. Even if Appellee had agreed to a lower maintenance payment, or to only receive the CRSC award, Appellant eventually stopped sending her the CRSC award. Appellant stated at the hearing before the DRC that he did not read the settlement agreement prior to signing it. Unfortunately for Appellant, it is well settled in Kentucky that failing to read the terms of a contract is not a valid defense to

enforcement of its terms. *Simmerman v. Fort Hartford Coal Co.*, 221 S.W.2d 442, 447 (Ky. 1949). "It will not do for a man to enter into a contract, and . . . to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written." *J.I. Case Threshing Mach. Co. v. Mattingly*, 134 S.W. 1131, 1133 (Ky. 1911) (quoting *Upton v. Tribilcock*, 91 U.S. 45, 50 (1875)).

Accordingly, the circuit court did not err when it determined equitable estoppel had no application here. As such, the court did not err in requiring Appellant to pay what he promised in the settlement agreement, including arrearages and interest.

Additionally, the circuit court did not abuse its discretion when it refused to modify Appellant's monthly maintenance payments. Pursuant to KRS[2] 403.250, a circuit court may modify monthly maintenance payments "only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." KRS 403.250(1). Maintenance is unconscionable only when the payments are "[m]anifestly unfair or inequitable." *Combs v. Combs*, 787 S.W.2d 260, 261 (Ky. 1990). "To determine whether the circumstances have changed, we compare the parties' current circumstances to those at the time the court's separation decree was entered." *Block*, 252 S.W.3d at 160.

---

[2] Kentucky Revised Statutes.

The circuit court determined the only changes in circumstance were favorable to Appellant and not Appellees. The record shows Appellee's monthly income totals only $1,946.00, while Appellant's income has increased since the parties' divorce. Appellant now receives $1,550.00 per month from social security, and the DRC determined Appellant receives $6,550.00 per month in tax-free income.

Appellant argues Appellee does not need $1,500 in monthly maintenance payments. According to Appellant's brief, at the time of divorce, Appellee's income consisted of $2,745.00 in pre-tax wages, $3,882.00 in VA caregiver benefits, and $1,254.00 from Appellant's CRSC award. As of today, Appellee's only income is her wages. She no longer has VA caregiver benefits, and Appellant no longer sends her his CRSC award. Her income is significantly lower than when the parties were married, and when she received the CRSC award from Appellant. We do not, however, find error in the DRC's categorization of the CRSC award payments as incomplete maintenance payments, which it appears the DRC did when determining what Appellee was owed.

Nothing in the record reveals it would be unconscionable for Appellant to make the maintenance payments he agreed to make in the settlement agreement. Thus, the circuit court did not abuse its discretion when it denied Appellant's motion to reduce his monthly maintenance payments.

Accordingly, we affirm.


ALL CONCUR.


BRIEFS FOR APPELLANT:              BRIEF FOR APPELLEE:

Douglas E. Miller                 Phyllis K. Lonneman
Radcliff, Kentucky                Elizabethtown, Kentucky