RENDERED: APRIL 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0642-MR

JON HARR                                                                        APPELLANT

v.
APPEAL FROM GREENUP CIRCUIT COURT
HONORABLE JEFFREY L. PRESTON, JUDGE
ACTION NO. 23-CI-00211

TRINA HARR
(NOW ROBERTS)                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND LAMBERT, JUDGES.

COMBS, JUDGE: Jon Harr appeals an order of the Greenup Family Court

denying his motion to modify an order awarding maintenance to his former spouse,

Trina Harr Roberts.[1]  Harr contends that the court erred by failing to conclude

either that Roberts was no longer entitled to maintenance or that the amount of

maintenance awarded to her should be reduced.  After our review, we affirm.

---

[1] By order entered on February 28, 2024, Trina Harr was restored to her maiden name of
Roberts, by which we will refer to her throughout this Opinion.

Harr and Roberts married in May 2008; Harr filed the dissolution action in May 2023. There are no minor children.

Following trial, the family court entered a decree of dissolution in November 2023. The court divided the marital portion of a retirement account between the parties and awarded a vehicle to each of them. It ordered the sale of the parties' real property with equity to be divided equally between them. Additionally, the court made an award of maintenance to Roberts in the amount of $1,000.00 per month. The court's order provided that the issue of maintenance "may be revisited once the real estate can be sold and [the court] can determine any sums [Roberts] receives after payment of the debts." Harr filed a motion to alter, amend, or vacate the maintenance award, which was denied.

On March 8, 2024, Harr filed another motion to modify the court's maintenance award. By this time, the real property had been sold. Harr argued that Roberts was incurring no living expenses as she was residing at her brother's home while the payment of maintenance was causing him financial hardship in light of his mounting expenses. Harr stated that Roberts had received $34,000.00 upon the sale of the parties' real property and noted that she had been awarded a portion of the retirement account as well. He indicated that she might now be employed. Harr also sought to recover his attorney's fees.

In her response, Roberts noted that she had indeed been forced by the circumstances to rely upon the kindness of family. She argued that she needed time to acquire sufficient education or job skills before she could be expected to meet her reasonable needs independently. She requested the court to order that maintenance be paid to her for several years.

During a hearing conducted in April 2024, the court heard testimony indicating that Harr had earned $94,303 in 2023 (which was more than he had earned the year before); that he benefitted from the use of a company car; and that he earned extra money by performing in a band. Moreover, Harr had recently remarried and admitted that he expected his new spouse to help pay household expenses of more than $5,500.00 per month.

In her testimony, Roberts explained that she had not worked outside the home during the parties' fifteen-year marriage and that she lacked a high-school diploma. However, she had recently secured a position with a company providing hospice care. She earned $16.53 per hour for a 36-hour work week. Roberts outlined the costs of her monthly expenses totalling $3,800.00 and itemized her substantial outstanding medical bills. Roberts explained that while she continued to reside with a family member in South Carolina in order to reduce her living expenses, she had recently purchased a "tiny home" with the proceeds from the sale of the parties' real property. She expected to incur additional

expenses to make the home habitable. Finally, Roberts argued that she should not be forced to deplete her portion of the parties' retirement savings in an effort to meet her current financial needs, asking the court to deny the motion to modify its maintenance award.

The court entered an order denying Harr's motion to modify the maintenance award. It concluded that Roberts remained unable to meet her reasonable needs independently and that Harr continued to be more than able to continue paying maintenance of $1,000.00 per month while meeting his own reasonable expenses. The court ordered Harr to pay maintenance to Roberts for a period of 48 months. It denied Harr's subsequent motion to alter, amend, or vacate, and this appeal followed.

On appeal, Harr argues that the family court abused its discretion by failing to reduce or terminate the maintenance award. He contends that the award is unconscionable -- in part -- because the evidence showed that the parties' marriage had been relatively short. He also asserts that no testimony was offered to establish the parties' standard of living during the marriage. He argues that Roberts's earnings, coupled with her share of the proceeds derived from the sale of their real property and the value of her portion of the retirement account, are sufficient to provide for her reasonable needs to cover her monthly expenses.

Finally, Harr argues that the maintenance award will cause him to suffer financial ruination.

In reviewing a court's decision to deny a subsequent motion for modification of the award, we are governed in our review by the standard of abuse of discretion. *Tudor v. Tudor*, 399 S.W.3d 791, 793 (Ky. App. 2013). A court abuses its discretion only where it is established that its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Artrip v. Noe*, 311 S.W.3d 229, 232 (Ky. 2010).

The family court's initial award of maintenance adequately met the statutory criteria underlying the purpose of such an award. A maintenance award may be modified "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." KRS[2] 403.250(1). Maintenance becomes unconscionable if it is "manifestly unfair or inequitable." *Combs v. Combs*, 787 S.W.2d 260, 261 (Ky. 1990). Since the relevant legislative policy is aimed at fostering relative stability, a movant must demonstrate compelling evidence in order to justify modification of a maintenance award. *Bickel v. Bickel,* 95 S.W.3d 925, 927-28 (Ky. App. 2002).

Harr contends that he is entitled to a reduction in his maintenance obligation because Roberts: is now earning an income; was awarded a portion of

---

[2] Kentucky Revised Statutes.

-5-

the retirement proceeds; and received a cash payout representing her share of equity in the marital property. Harr also explains that he has incurred (or expects to incur) expenses that will prevent him from being able to meet the obligation.

Our family courts do not apply a mathematical formula to maintenance awards. *Age v. Age*, 340 S.W.3d 88, 95 (Ky. App. 2011). Moreover, the parties' circumstances can be expected to fluctuate over time. However, a modification of maintenance is not always justified. *Holland v. Herzfeld*, 610 S.W.3d 360, 364 (Ky. App. 2020).

Roberts's receipt of an amount of equity from the anticipated sale of real property, added to her modest income, does not result in a change in the parties' circumstances sufficient enough to compel a reduction in the maintenance award. She is not required to deplete her share of the retirement account in order to meet her current financial needs. *See Naramore v. Naramore*, 611 S.W.3d 281, 288 (Ky. App. 2020). *See also Daunhauer v. Daunhauer*, 295 S.W.3d 154, 159 (Ky. App. 2009) (noting in *dicta* that retirement accounts are generally intended to meet future needs in retirement rather than current needs) and *Smith v. Smith*, 503 S.W.3d 178, 185-86 (Ky. App. 2016) (noting an argument concerning tax consequences of withdrawing funds from retirement accounts while upholding maintenance award in favor of former spouse who had been awarded a portion of retirement accounts).

Harr's income far exceeds that of Roberts. The family court concluded that Harr could meet his "extraordinary" expenses while contributing to Roberts's maintenance for a period during which she could not be expected to meet her reasonable needs independently. Comparing the parties' circumstances at the time of the original order with their condition as of the time of the modification hearing, the family court concluded that Harr's standard of living had substantially improved while Roberts continued to struggle to meet reasonable monthly expenses. Harr's obligations to pay his taxes and his mother's funeral expenses -- as well as his decision to purchase a new truck and riding lawn mower -- do not change the calculation or the reasoning of the family court. Consequently, its decision to continue the original maintenance award was not manifestly unfair or inequitable.

The family court's decision was supported by substantial evidence of record, and it did not abuse its considerable discretion. Therefore, we affirm its order denying the motion for modification.

ALL CONCUR.

BRIEF FOR APPELLANT:

Tracy D. Frye
Russell, Kentucky

Marie E. Troxler
Russell, Kentucky

Whitney N. Davis
Russell, Kentucky

BRIEF FOR APPELLEE:

Sharon E. Rowsey
Ashland, Kentucky